Marie G. Quashnock (SBN 153567)
marie@aqalegal.com
Hallie N. Zimmerman (SBN 247407)
hallie@aqalegal.com
**ALVIS QUASHNOCK AND ASSOCIATES, a PC**
613 First Street, Suite 202
Brentwood, CA  94513
Telephone: (925) 516-1617
Facsimile: (925) 775-7008

Attorneys for Plaintiffs
STEVEN G. WIELAND AND SHELLEY L. WIELAND

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN G. WIELAND AND SHELLEY L. WIELAND, married individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>BAY VIEW LOAN SERVICING, LLC; and DOES 1-50,<br><br>        Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT** |

Plaintiffs allege:

## INTRODUCTION

1.      During Plaintiffs' efforts to obtain a modification of the mortgage on their home, Defendants requested that Plaintiffs' stop making payments on their loan before they would even be considered for a loan.  Then, when Plaintiffs applied for a loan modification, Defendants failed to properly review the application, denying Plaintiffs their right to a meaningful opportunity to obtain a foreclosure prevention alternative.  Meanwhile, Defendants took the position that Plaintiffs had fallen behind in their payments and instituted foreclosure proceedings.

2.      With this complaint, Plaintiffs seek declaratory and injunctive relief and monetary and statutory damages, attorney's fees and costs of this action against the Defendants BAY VIEW LOAN SERVICING, LLC, and DOES 1 through 50, inclusive, for Defendants' violation of state

homeowner protection and consumer credit reporting laws, negligence, negligent misrepresentation, fraud, violation of the California Business and Professions Code Section 17200 and declaratory relief.

## PARTIES

3. Plaintiffs are married individuals residing in Contra Costa County, California, and are the owners and occupants of the real property that is the subject of this case, located at 2851 Peace Lane, Brentwood, CA (the "Subject Property").

4. Plaintiffs are informed and believes that Defendant BAY VIEW LOAN SERVICING LLC ("BAY VIEW") is a Delaware limited liability company with its principal place of business in Coral Gables, Florida and has done business in Contra Costa County at all relevant times. BAY VIEW mortgage loan servicer and debt collector in the United States. BAY VIEW services residential mortgages for 1-4 family units, including the Plaintiffs' first lien residential loan secured by the Subject Property. It is alleged that E-trade Bank ("E-trade")is the claimed owner of Plaintiffs' loan.

5. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes and thereon alleges that each of the fictitiously named Defendants is liable to Plaintiffs as hereinafter alleged, and that Plaintiffs' rights against such fictitiously named Defendants arise from such liability and indebtedness.

6. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were acting on their own behalf and as agents or employees of each of the other Defendants, and the acts described hereinafter were done in the course and scope of such agency or employment, as well as on their own behalf. Further, Defendants were authorized by Defendant principals in the doing and the manner of the acts alleged, and ratified said behavior. (Hereafter, unless otherwise specified, defendants including Doe 1 through Doe 50 will be referred to collectively as "Defendants"). Whenever reference is made in this complaint to any act of any

///

Defendant(s), that allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1), in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. This Court has further jurisdiction under 28 U.S.C. § 1331, pursuant to 12 U.S.C. § 2605.

8. This Court has personal jurisdiction over Defendants by virtue of their transacting, and doing business in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) in that the events or omissions giving rise to the claims occurred in this District. Plaintiffs are, and were at all times material to this Complaint, a resident of Contra Costa County, California.

## JURY TRIAL DEMAND

10. Plaintiffs request a jury trial on all issues in this matter.

## FACTS

11. Beginning in the fall of 2008, the federal government instituted several measures to try to stabilize the housing and credit markets and assist troubled homeowners, including the Home Affordable Modification Program ("HAMP").

12. As a mortgage servicer, BAY VIEW regularly conducted or managed loss mitigation and foreclosure of single family residences on behalf of entities that hold pools (i.e. trusts) of mortgage loans, including E-Trade. Plaintiffs are informed and believe, and thereon alleged, that E-Trade does not participate in the HAMP program. Investors who do not participate in HAMP offer loan modification assistance under private investor programs.

13. At all relevant times, Plaintiffs have been the fee simple owner of the Subject Property.

14. At all relevant times, Plaintiffs have occupied the Property as their home and principal residence, and the Property consists of only one dwelling unit.

/ / /

15. Plaintiffs are informed and believes that, at all relevant times, Defendants have been the mortgage loan servicer of the first-lien mortgage on the Subject Property ("Subject Loan"). Plaintiffs conveyed a first-lien, first-position deed of trust on the Subject Property to secure their obligation under the Subject Loan ("Deed of Trust"). The Subject Loan was made for personal, family, or household purposes.

16. For years, Plaintiffs duly made their monthly mortgage payment for the Subject Loan. Still current on the Subject Loan, in or around June 2013, Plaintiffs requested a modification of the Subject Loan from Defendants. Rather than properly review Plaintiffs' requests, and acting with reckless disregard for their rights, Defendants told Plaintiffs they had to default on the Subject Loan and skip months of mortgage payments in order to obtain an affordable modification. Plaintiffs are now informed and believe that said statement(s) by Defendants were false and Defendants either knew it was false at the time they made the statement or made the statement(s) with reckless disregard for whether it was false.

17. In reliance on said statement(s), Plaintiffs followed Defendants' instructions, skipped months of payments.

18. Meanwhile, after stopping their payments as requested by Defendants, Plaintiffs duly applied to Defendants for a modification of the Subject Loan, timely submitting a complete loan modification application with all the supporting documentation requested by Defendants. Plaintiffs are informed and believe and thereon allege, that Defendants requested a HAMP modification from E-Trade, notwithstanding the fact that Defendants knew that E-Trade did not participate in the HAMP program.  As a result, Plaintiffs have been denied a fair and meaningful opportunity to obtain a modification of the Subject Loan.

19. In reliance on Defendants' representations to this effect, Plaintiffs believed that Defendants were providing mortgage modification assistance, and they continued to submit paperwork to Defendants.  Meanwhile, Defendants regularly lost or misplaced Plaintiffs' paperwork submitted in support of their application and made repeated requests for the same information, thereby causing further delay in Plaintiffs' efforts related to their loan modification application.

20.     Months passed, and eventually, Defendants took the opposite position, that Plaintiffs had defaulted on the Subject Loan. Defendants took the position that Plaintiffs owed large sums, and was past due. Defendants then began foreclosure proceedings, attempting to take Plaintiffs' home. Plaintiffs are informed and believe, and thereon allege, that on May 9, 2014, a Notice of Default ("NOD") was recorded against the Property as Document No. 2014-0073856-00. Attached to the NOD was a Declaration of Mortgage Servicer Pursuant to Civil Code §2923.55 dated September 30, 2013 and signed by Jairam Sinanan which falsely stated that "the mortgage servicer has been unable to contact the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. Thirty (30) days, or more, have passed since these due diligence efforts were satisfied."

21.     Further contradicting their representations, Defendants furnished information to the credit reporting bureaus that Plaintiffs were in default under the Subject Loan. As a result, Plaintiffs' credit score suffered, and their subsequent credit applications have been denied, causing them economic injury.

## FIRST CAUSE OF ACTION

**(Violation of Civil Code §§2923.55))**

(Against All Defendants)

22.     Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

23.     Defendants cannot prove that the non-judicial foreclosure which has commenced, strictly complied with the tenets of California Civil Code Sections 2923.55 and 2924 in order to maintain an action for possession.

24.     The law, requires a mortgagee, trustee, beneficiary, or authorized agent to contact the borrower prior to filing a notice of default to explore options for the borrower to avoid foreclosure, as specified. Existing law requires a notice of default or, in certain circumstances, a notice of sale, to include a declaration stating that the mortgagee, trustee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower, or that no contact was required for a specified reason.

25. BAY VIEW violated Civil Code Section 2923.55 by filing a Declaration of Compliance which falsely stated that 1) Plaintiffs were in default; and 2) BAY VIEW had tried but was unable to contact the Plaintiff, in person or by telephone, at least 30 days prior to recording the NOD. As alleged above, Plaintiffs were not in default at the time the NOD was recorded because Plaintiffs were induced by Defendants to stop making payments in order to be considered for the loan modification. Furthermore, Plaintiffs had already requested a loan modification and was already engaged in modification efforts with BAY VIEW. In addition, Plaintiffs never received any calls from Defendants on the dates listed in the declaration. Thus, the declaration was false and fraudulent.

26. Based on the foregoing, Plaintiffs respectfully asks this Court to issue an order setting aside the defective NOD. A failure to comply with Section 2923.55 renders the Notice of Default invalid, and a secured creditor must rescind the Notice of Default and not cause a non-judicial foreclosure sale to transpire until substantively complying with Section 2923.55 "and recording a new Notice of Default in the wake thereof." *Mabry v. Superior Court* (2010) 185 Cal.App. 4th 208, 236-37. Correcting and remedying a HBOR violation should require rescinding any improperly recorded NOD or NTS. *Diamos v. Specialized Loan Servicing*, LLC, 2014 WL 3362259, at *5 (N.D. Cal. July 7, 2014).

27. WHEREFORE, Plaintiffs pray for judgment as set forth below.

### SECOND CAUSE OF ACTION

**(Violation of Civil Code §§2923.6 et seq.)**

(Against All Defendants)

28. Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. Among other things, the HBOR requires that: lenders and their specified agents must provide defaulting borrowers with a single point of contact ("SPOC") to discuss foreclosure prevention alternatives, including loan modifications, and perform certain enumerated duties, namely to provide the borrower with information about foreclosure prevention alternatives, deadlines for applications and how and where a borrower should submit their application (Civil

Code Section 2923.7(b)(1)); coordinate receipt of all documents associated with available foreclosure prevention alternatives and notify the borrower of any missing documents necessary to complete the application (Civil Code Section 2923.7(b)(2)); and have access to the information and servicer personnel "to timely, accurately, and adequately inform the borrower of the current status of the [application]" and have the authority to make important decisions like stopping a foreclosure sale (Civil Code Sections 2923.7(b)(3)(5)). Furthermore, lenders must provide borrowers with a "fair opportunity" to be evaluated for a loan modification consistent with the provisions of Civil Code Section 2923.6.

30. The allegations set forth in the preceding paragraphs and incorporated and restated herein by reference, establish that the Defendants, and each of them, named in this complaint have violated the foregoing provisions required by the HBOR by, among other things, failing to provide a SPOC able to carry out the duties pursuant to Civil Code Section 2923.7(b). Specifically, the SPOC assigned to Plaintiffs by Defendants repeatedly requested the same documents that were already sent, and either lost documents or was unable to locate documents which Plaintiffs had faxed; failed to return messages from Plaintiffs; failed to review Plaintiffs application; and submitted Plaintiffs' application to the investor pursuant to a modification program not offered by Plaintiffs' investor. Defendants violated Civil Code Section 2923.6(c) by recording a Notice of Default when Plaintiffs' loan was not in default and by submitting the Plaintiffs' loan modification application pursuant to a program that the investor does not participate in, rather than request a private investor modification.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION

**(Violation of California Civil Code § 1785.25(a))**

(Against All Defendants)

31. Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Defendants willfully furnished information concerning the Subject Loan to consumer credit reporting agencies knowing that the information was incomplete and/or inaccurate.

33. As a result of said conduct by Defendants, Plaintiffs have suffered loss of credit and resulting damages, and has suffered emotional distress.

34. As a result of said conduct by Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

### FOURTH CAUSE OF ACTION

**(Negligence)**

(Against All Defendants)

35. Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

36. Plaintiffs are informed and believes that Defendants, as Plaintiffs' lender and mortgage servicer, failed to exercise reasonable care in the reviewing, consideration and submission to the investor of Plaintiffs' loan modification request(s) and application(s).

37. As a result of the above-alleged conduct of Defendants, Plaintiffs have incurred additional interest, late fees, and costs as a result in amounts that total no less than $76,000, and has additionally suffered loss of credit and resulting damages.

38. As a result of the above-alleged conduct of Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

### FIFTH CAUSE OF ACTION

**(Negligent misrepresentation)**

(Against All Defendants)

39. Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Plaintiffs are informed and believes that Defendants additionally made misrepresentations regarding Plaintiffs' loan modification request(s) and application(s), the criteria for obtaining a modification, and the status of said request(s) and application(s), without exercising reasonable care with regard to whether said misrepresentations were true or false.

41. As a result of the above-alleged conduct of Defendants, Plaintiffs have incurred additional interest, late fees, and costs as a result in amounts that total no less than $76,000, and has additionally suffered loss of credit and resulting damages.

42. As a result of the above-alleged conduct of Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SIXTH CAUSE OF ACTION

**(Fraud)**

(Against All Defendants)

43. Plaintiffs incorporate by reference and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44. Defendants knowingly, or with reckless disregard for the truth, misrepresented material facts to Plaintiffs concerning Plaintiffs' eligibility for a loan modification application and the status of the application. Defendants' knowingly, or with reckless disregard for the truth, misrepresented that Plaintiffs needed to skip months of mortgage payments in order to be considered for a loan modification. Defendants also knowingly, or with reckless disregard for the truth, misrepresented the status of Plaintiffs' loan modification application and the criteria for obtaining a modification.

45. Plaintiffs justifiably relied on Defendants' misrepresentations by skipping months of their mortgage payments for the Subject Loan.

46. Said reliance on Defendants' fraud has been detrimental to Plaintiffs. Plaintiffs have incurred additional interest, late fees, and costs as a result in amounts that total no less than $76,000.

47. Furthermore, Defendants' fraud placed Plaintiffs' home in jeopardy of foreclosure.

48. As a result of said fraud by Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## SEVENTH CAUSE OF ACTION

**(Unfair, Unlawful, and Fraudulent Business Acts and Practices)**

(Against All Defendants)

49. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

50. Defendants engaged in unfair, unlawful, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code section 17200.

51. As a result of said acts and practices, Plaintiffs have suffered economic injury. Plaintiffs have incurred excessive interest, late fees, and costs. Plaintiffs have additionally suffered loss of credit and resulting damages.

52. As a result of said conduct by Defendants, Plaintiffs have had to hire attorneys and incur attorney's fees and costs.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

## EIGHTH CAUSE OF ACTION

**(Declaratory Relief)**

(Against All Defendants)

53. Plaintiffs hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

54. Plaintiffs are informed and believes that an actual controversy has arisen and now exists between Plaintiffs and Defendants regarding their respective rights and duties under the note and deed of trust for the Subject Loan. Plaintiffs contend that they are not under default under the terms of the Note and Deed of Trust because Defendants induced them to stop making payments in order to be considered for a loan modification. Defendants contend that Plaintiffs are in default and Defendants are entitled to proceed with a foreclosure pursuant to the NOD.

WHEREFORE, Plaintiffs pray for judgment as set forth below.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. For preliminary and permanent injunctive relief, namely that any future foreclosure sales be enjoined;

B. For damages in the amount of $76,000 plus such additional sums as are proven at trial;

C. For exemplary and punitive damages;

D. For restitution of all money and property which Defendants obtained by virtue of their unfair, unlawful, and/or fraudulent business acts or practices;

E. For a declaration of the parties' rights and obligations under the note and deed of trust for the Subject Loan;

F. For Plaintiffs' reasonable attorney's fees pursuant to California Civil Code § 1785.31;

G. For costs of suit; and

H. For such other and further relief as the Court may deem proper.

DATED: September 27, 2016

**ALVIS QUASHNOCK AND ASSOCIATES, PC**

By: ___/s/ Marie G. Quashnock___
　　　Marie G. Quashnock

Hallie Zimmerman
**ALVIS QUASHNOCK AND ASSOCIATES, PC**
613 First Street, Suite 202
Brentwood, CA  94513
Telephone: (925) 516-1617
Facsimile:  (925) 775-7008
*Attorneys for Plaintiffs STEVEN G. WIELAND AND SHELLEY L. WIELAND*